# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CORINNE MARY GONZ,**

      **Plaintiff,**

**v.**                                            **Case No:  6:12-cv-614-Orl-GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

---

## MEMORANDUM OF DECISION

Corinne Mary Gonz (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for benefits. Doc. No. 1. Claimant argues that the Administrative Law Judge (the "ALJ") erred by: 1) failing to evaluate, consider, and/or state the weight given to the Department of Veterans Affairs' December 13, 2005 rating decision, which found Claimant permanently and totally disabled; 2) failing to state with particularity the weight given to Dr. Alvan Barber's findings of limited range of motion in Claimant's cervical spine; 3) failing to include or account for Claimant's vision, jaw, knee, neck, and upper extremity limitations in the ALJ's residual functional capacity assessment (the "RFC"); and 4) finding that Claimant's medications do not cause side-effects and provide ongoing pain relief. Doc. No. 16 at 10-22. For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

I.     **ANALYSIS.**

Claimant alleges an onset of disability beginning as of December 1, 2005. R. 104. On December 13, 2005, the Department of Veterans Affairs (the "VA") issued a rating decision, based upon their own rules and regulations, finding Claimant's migraine headaches result in a 50 percent disability rating, but Claimant is "permanently and totally disabled due to . . . service connected removal of uterus and ovaries; migraine headaches; limited motion of the jaw; and sinusitis." R. 858-60. The VA's decision states:

> Treatment records from VA Medical Center Gainesville, dated August 12, 2005 through October 26, 2005 show that you received treatment for your chronic pain associated with your service connected migraine headaches.
>
> VA examination finding from VA Medical Center Gainesville, dated December 7, 2005 show that the examiner noted having reviewed your VA treatment records. The examiner noted your history and treatment for migraine headaches. The examiner noted that your current treatment regimen includes the prescribed use of narcotics and injections. The examiner noted that you reported pain, fatigue, decreased function in daily activities, and sleep difficulties. The examiner noted that you reported no pain relief despite the gamut of treatment modalities. The examiner noted that you are currently unemployed and live with your mother and son. The examiner noted that [sic] taking short walks daily. The examiner noted that you walk with a brisk normal gait. The examiner noted your speech and hearing to be normal. The examiner noted that you were oriented to time, place, and person. The examiner noted your face to be symmetrical with left jaw and a facial decreased motion. The examiner noted that you have difficulty opening your mouth and report that your jaw frequently slips resulting in extreme pain. The examiner noted flexion, extension, and lateral gaze in decreased-amounts. The examiner noted no spasm with generalized tenderness over your trapezia and cervical muscles. The examiner noted equal strength and range of motion in your upper extremities. The examiner noted that you [sic] limitations in daily activities to be markedly restricted due to your chronic and daily neck and head pain.
>
> As the evidence shows that your service connected migraine headaches does not meet the criteria to warrant an increased

> evaluation, the evaluation of migraine headaches, which is currently 50 percent disabling, is continued. . . .
>
> Basic eligibility to Dependent's Education Assistance is established from December 7, 2005 as the evidence shows that you are permanently and totally disabled due to your service connected disabilities.

R. 859-60. Thus, the VA found Claimant totally and permanently disabled from December 7, 2005. R. 85-60. On December 21, 2009, the VA issued a summary of benefits letter stating that Claimant's combined service connected disability rating is 80 percent, but Claimant is being paid at the 100 percent rate because Claimant is unemployable and is considered totally and permanently disabled. R. 855.

On June 28, 2010, ALJ Gerald F. Murray issued a decision finding Claimant not disabled from December 1, 2005 through September 30, 2008, the Claimant's date last insured for benefits. R. 10-19. With respect to the VA's disability rating and decision, the ALJ states the following:

> The [ALJ] notes that the [VA] has determined that the claimant has an 80% combined service connected disability. Social Security regulation 20 CFR 404.1504 provides that a decision by any agency about whether you are disabled is based on its rules and is not our decision about whether you are disabled. Therefore, a determination made by another agency that you are disabled is not binding on [the Commissioner].

R. 18. In the decision, the ALJ does not otherwise address, evaluate, and/or weigh the VA's December 1, 2005 rating decision or the December 21, 2009 summary of benefits letter. R. 10-19.

Claimant argues that the ALJ's treatment of the VA's disability rating decision warrants remand because binding Eleventh Circuit precedent and Social Security Ruling ("SSR") 06-3p requires the ALJ to consider, evaluate and give great weight to such decisions. Doc. Nos. 16 at 13-14 (citing SSR 06-3p; *Falcon v. Heckler*, 732 F.2d 827, 831 (11th Cir. 1984)); 20 at 1-4

(citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1241 (11th Cir. 1983)). The Commissioner, citing *Bloodsworth*, 703 F.2d at 1241, acknowledges that the findings of another agency are entitled to great weight, but argues that the ALJ properly considered the VA's decision because: 1) the VA's decision "does not discuss [Claimant's] possible work-related limitations or indicate that the VA evaluated what jobs [Claimant] could or could not do" (Doc. No. 17 at 5-6); 2) the VA's decision is not a medical opinion and, therefore, "was not entitled to any special weight or consideration" (Doc. No. 17 at 6); 3) the VA's decision "is not supported by the medical evidence and is inconsistent with the record as a whole" (*Id.*); 4) the VA's decision is an "opinion on an issue reserved for the Commissioner" (*Id.*); 5) giving the VA's decision any weight would subvert the Commissioner's responsibility for determining disability (Doc. No. 17 at 7); 6) the "ALJ implicitly concluded the VA's decision was entitled to little weight" (Doc. No. 17 at 7 (citing *Kemp v. Astrue*, 2009 WL 163019 at *3 (11th Cir. Jan. 29, 2009)); and 7) a remand for the ALJ to consider the VA's decision would "serve no practical purpose, would not alter the ALJ's findings, and would be a waste of judicial and administrative resources" (Doc. No. 17 at 7-8).

20 C.F.R. §§ 404.1504 and 416.904 provide:

> A decision by any nongovernmental agency or any other governmental agency about whether you are disabled or blind is based on its rules and is not our decision about whether you are disabled or blind. We must make a disability or blindness determination based on social security law. Therefore, a determination made by another agency that you are disabled or blind is not binding on us.

*Id.* (emphasis added). Thus, the regulations provide that a decision by another government agency, such as the VA, about whether a claimant is disabled is not binding on the Commissioner. *Id.* The ALJ's statements regarding the VA's disability rating decision essentially recites the above-quoted regulations. R. 18.

While such other governmental determinations of disability are not binding, SSR 06-3p provides:

> [W]e are required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental . . . agencies. Therefore, evidence of a disability decision by another governmental . . . agency cannot be ignored and must be considered. . . . [T]he adjudicator should explain the consideration given to these decisions in the notice of decision for hearing cases. . . .

*Id*. Thus, SSR 06-3p requires the Commissioner to evaluate decisions by other governmental agencies and states that the ALJ should explain the consideration given to those decisions. *Id*.

The Eleventh Circuit has held that "'[t]he findings of disability by another agency, although not binding on the [Commissioner], are entitled to great weight.'" *Falcon v. Heckler*, 732 F.2d 827, 831 (11th Cir. 1984) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1241 (11th Cir. 1983)).[1] In *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001), the Fifth Circuit explained that while it has said that such decisions are entitled to great weight, an ALJ need not give great weight to a VA disability determination so long as the ALJ adequately explains valid reasons for not doing so. *Id*.

The Eleventh Circuit has also stated that ALJ may make an implicit finding with respect to a VA disability rating. *See Kemp v. Astrue*, 308 Fed.Appx. 423, 426 (11th Cir. Jan. 26, 2009) (unpublished).[2] However, in *Kemp*, the ALJ repeatedly referred to the VA's decision throughout his decision and gave specific reasons why the VA's 30% disability rating did not translate as a severe impairment under the Commissioner's guidelines. *Id*. Thus, the Eleventh Circuit found

---

[1] The Commissioner's statement that the "VA's decision was not entitled to any special weight or consideration," contradicts the Commissioner's earlier acknowledgement that the Eleventh Circuit has determined that the "findings of another agency are entitled to great weight, but are not binding." *Compare* Doc. No. 17 at 5 *with* Doc. No. 17 at 6.

[2] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority.

that the ALJ "implicitly found that the VA disability ratings were entitled to great weight" even though they did no support a finding of disability under the standard governing Social Security benefit claims. *Id*.

In this case, the ALJ mentions the VA's disability rating and decision only in passing, cites to the regulations stating that such decisions are not binding, and does not engage in any meaningful evaluation of the VA's decision. R. 18. In *Salamina v. Colvin*, Case No. 8:12-cv-1985-T-23TGW, 2013 WL 2352204 at *3-4 (M.D. Fla. May 29, 2013), the ALJ stated that the plaintiff received disability benefits from the VA, but "did not expressly identify the VA disability rating itself," "did not specify what weight, if any, she afforded to the rating," and "did not engage in any evaluation of the plaintiff's VA disability rating." *Id*.[3] The Commissioner argued that the ALJ implicitly assigned great weight to the VA disability rating. *Id*. The Court found as follows:

> The Commissioner's contention might have some force if the law judge had acknowledged the VA disability rating with more than just a passing reference while summarizing the plaintiff's testimony, but she did not. Unlike the situation in *Kemp v. Astrue*, supra, there is nothing in the law judge's decision that indicates that she considered the VA disability rating. There is not even a statement acknowledging the weight to be afforded to such ratings. It is, therefore, impossible to determine whether the law judge simply overlooked the disability rating, or whether she gave it the appropriate consideration and weight.
>
> Moreover, it is speculation for the Commissioner to assert that the law judge gave the VA rating great weight, albeit implicitly. Seemingly, if the law judge had given great weight to the VA rating, the plaintiff's residual functional capacity finding would be more restrictive than it is. In all events, proper judicial review of the law judge's handling of the VA rating is not possible under these circumstances.

---

[3] In this case, the ALJ mentioned the Claimant's disability rating, but otherwise *Salamina* is factually analogous. R. 18.

> It is recognized that the law judge referred to and discussed the medical records from the VA in her decision. That discussion, however, does not substitute for consideration of the rating decision itself. *See Williams v. Barnhart*, 180 Fed. Appx. 902 (11th Cir.2006).
>
> Furthermore, the Commissioner's argument on this issue is an impermissible post hoc rationalization. Post hoc rationalizations of litigating counsel do not provide the basis for judicial review of an administrative decision. M*otor Vehicle Manufacturers Association of the United States, Inc. v. State Farm Mutual Automobile Insurance Co.*, 463 U.S. 29, 50, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983); *Baker v. Commissioner of Social Security*, 384 Fed. Appx. 893, 896 (11th Cir.2010). The responsibility for evaluating and assigning weight to the evidence is placed with the law judge, and not with the Commissioner's lawyer. Accordingly, the Commissioner's argument does not remedy the law judge's failure to address the VA disability rating.
>
> In sum, the law judge erred because she failed to evaluate the plaintiff's VA disability rating. This error was critical and warrants reversal. *See Gibson v. Heckler*, 779 F.2d 619, 623 (11th Cir.1986) (the law judge must state specifically the weight accorded each item of evidence and the reasons for her decision on the evidence).

*Salamina,* 2013 WL 2352204 at * 4 (M.D. Fla. May 29, 2013). Thus, the Court determined that the ALJ's failure to evaluate the disability rating was a critical error warranting reversal and the Commissioner's arguments constituted impermissible post hoc rationalization. *Id*.

The Court finds *Salamina* highly persuasive and more analogous to the facts of this case than *Kemp*. Although the ALJ mentions the VA's disability rating in passing, the ALJ's decision does not state the weight provided to it and wholly fails to provide any evaluation of the VA's decision. R. 18. Moreover, the ALJ's statement that the decisions of other governmental agencies as to the issue of disability are not binding, while an accurate but incomplete statement of the regulations and rules, strongly suggests that the ALJ was entitled to ignore the VA's decision or did not think an evaluation thereof was required. R. 18. *See also* 20 C.F.R. §§ 404.1504 and 416.904; SSR 06-3p; *Falcon*, 732 F.2d at 831. Thus, the Commissioner's

argument that the ALJ properly considered the VA's rating decision and implicitly gave it little weight is rejected.[4]  The ALJ's error warrants reversal and a remand for further proceedings. *Salamina*, 2013 WL 2352204 at *4 (citing *Gibson v. Heckler*, 779 F.2d 619, 623 (11th Cir. 1986)).[5]

Accordingly, based on this error, the final decision of the Commissioner is reversed and remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).[6]

## II.     CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED and REMANDED** for further proceedings pursuant to sentence four of Section 405(g); and

2. The Clerk is directed to enter judgment in favor of the Claimant and against the Commissioner, and to close the case.

---

[4] Similar to *Salamina*, the Commissioner's remaining arguments constitute impermissible post hoc rationalization and are rejected.  *See* Doc. No. 17 at 5-8.

[5] The Commissioner essentially maintains that the ALJ's error is harmless and a remand for the ALJ to consider the VA's disability rating would be a waste of judicial resources because it would not change the outcome.  Doc. No. 17 at 7-8.  The Court has considered whether the ALJ's error is harmless.  The ALJ failed to consider or evaluate the VA's ratings decision, and the Court is not permitted to invade the province of the ALJ by "decid[ing] facts anew, reweigh[ing] the evidence, or substitut[ing] [its] judgment for that of the [Commissioner]." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).  Thus, in order to find the error harmless, the Court would necessarily have to impermissibly consider, evaluate, and weigh the VA's decision.  Accordingly, the Court finds that the ALJ's error is not harmless.

[6] It is unnecessary to address the remaining errors alleged because on remand the ALJ will necessarily have to reassess the entire record. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *Salamina*, 2013 WL 2352204 at *4 (due to the ALJ's error with respect to VA's disability rating it is unnecessary to address other arguments for remand).

**DONE and ORDERED** in Orlando, Florida on August 20, 2013.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Richard A. Culbertson
Suite E
3200 Corrine Dr
Orlando, FL 32803

John F. Rudy, III
Suite 3200
400 N Tampa St
Tampa, FL 33602

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable Gerald F. Murray
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Desoto Building #400
8880 Freedom Crossing
Jacksonville, FL 32256-1224